IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,
    Plaintiff,

v.

VAUGHN WATROUS,
    Defendant.

NO. 13-cr-088-M

## ORDER

The grand jury issued a five-count indictment against Vaughn Watrous for allegedly robbing a Citizens Bank in Providence, Rhode Island on or about February 6, 2013. (ECF No. 1.) Mr. Watrous filed a Motion for Competency Evaluation (ECF No. 13) to which the government did not object. On November 29, 2013, the Court ordered the evaluation. (ECF No. 15.) The Court received a forensic mental health evaluation dated March 17, 2014 (the "Report") from the Warden of the U.S. Medical Center for Federal Prisoners, in Springfield, Missouri. This Court noticed multiple substantive inconsistencies in the Report.

At the May 14, 2014 hearing on the issue of competency, the government's attorney informed this Court that he and Mr. Watrous' attorney had noticed inconsistencies in the Report and had spoken to the author of the Report. According to the government's counsel, the author said that there were two typographical errors in the Report, to wit, at page 11, instead of reading that Mr. Watrous "does not meet the criteria for being found <u>competent</u> to stand trial," it should have read that "he does not meet the criteria for being found <u>incompetent</u> to stand trial;" and secondly, at page 12, instead of reading "we have no reason to suspect that <u>he will</u> have the ability to assist his counsel, if he chooses to," it should have read "we have no reason to suspect that <u>he will not</u> have the ability to assist his counsel, if he chooses to." (Emphasis added.) The

Court received a forensic addendum dated April 28, 2014 (the "Revised Report") containing these corrections.

At the hearing, Mr. Watrous' counsel now stated that he and Mr. Watrous agreed that Mr. Watrous is capable of understating these legal proceedings and assisting in his defense, so he was no longer pressing the issue of Mr. Watrous' competency. Following the hearing, Mr. Watrous' attorney sent a letter to the Court reiterating that he was no longer pressing the issue of Mr. Watrous' competency. The letter went on to state that: "We believe the poor quality of the report is not due simply to typographical errors, but to an overall shoddy evaluation process and prejudgment by the evaluating psychologists. This resulted in a report that is more character assassination than valid psychiatric study."

This Court concurs with Mr. Watrous' counsel's assessment of the Report. To say that the Report contained numerous inconsistencies and was incoherent is an understatement. This Court is stunned and disturbed that an evaluation of a person's competency would be done in such a slipshod manner, especially when it relates to the critical issue of his competency in the context of a matter where his liberty is at stake. A Report riddled with inconsistencies regarding whether Mr. Watrous is competent or incompetent is unacceptable. The Report reflects poorly on the Federal Bureau of Prisons' ability to evaluate appropriately the competency of persons under its care.

While this Court views the Report as conduct the Court should sanction, it declines in this case formally to sanction the Bureau because Mr. Watrous has withdrawn the issue of competency. However, the Court ORDERS the United States Attorney's office to provide copies of this Order to Charles E. Samuels, Jr., the Director of the Federal Bureau of Prisons; Linda Sanders, the Warden at the U.S. Medical Center for Federal Prisoners in Springfield,

Missouri who transmitted the Report to the Court; and to Christina A. Pietz, the Staff Psychologist and Debra R. Chen, the Psychology Intern who signed it.

Because Mr. Watrous has assured the Court that he is competent and he is no longer pressing the issue, and because the Revised Report supports the conclusion that Mr. Watrous is competent, this Court finds that Mr. Watrous is competent to stand trial.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge
June 2, 2014